**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN DIMMICK,

    Plaintiff,

    v.

NORTHERN CALIFORNIA INSTITUTE
FOR RESEARCH & EDUCATION, et al.,

    Defendants.
_____/

No. C 04-4965 PJH

**ORDER DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND**

Defendant Regents of the University of California ("the Regents")'s motion to dismiss, defendant Northern California Institute for Research and Education ("NCIRE")'s motion for judgment on the pleadings, and non-party United States' motion to strike or in the alternative for more definite statement came on for hearing on May 18, 2005 before this court. Plaintiff appeared through his counsel Kate Wells and Sally Williams. The Regents appeared through their counsel Michael Bruno, NCIRE appeared through its counsel Andrew Schwartz, and the United States appeared through its counsel Abraham Simmons. Defendant Boehringer-Ingelheim ("BI") appeared through its counsel Pat Swan, and defendant Abbott Laboratories appeared through its counsel Kathleen Patterson. Having read the papers and carefully considered the relevant legal authority, the court DISMISSES the complaint with leave to amend, for the reasons stated at the hearing and those that follow.[1]

    A.    Regents

The Regents' motion to dismiss is GRANTED. To qualify as a third party beneficiary under a governmental contract, Dimmick must show not only that the contract at issue intended

---

[1] Pursuant to Civ. L.R. 7-13, this order may not be cited except as provided by Civ. L. R. 3-4(e).

1 to confer a benefit on him, but also that the it reflects the "clear intent" to grant him, or a class
2 of people into which he belongs, particular enforceable rights. Klamath Water Users
3 Protective Ass'n v. Patterson, 204 F.3d 1206, 1211 (9th Cir. 1999). As pled, the complaint
4 does not indicate that such clear intent exists in the contract between the Regents and the VA
5 to benefit Dimmick personally. Cf. id., at 1212 ("vague, hortatory pronouncements in the
6 Contract, by themselves, are insufficient to support the [third party water users'] claims that [the
7 contracting parties] intended to assume a direct contractual obligation to every domestic,
8 municipal, or irrigation water user"). The allegations against the Regents in the twelfth cause
9 of action are thus DISMISSED, with leave to amend if Dimmick can properly plead the
10 existence of such clear intent in the contract.

    B.    NCIRE

NCIRE's motion for judgment on the pleadings is GRANTED.

        1.    Agency Theory

The fraud claim (1st cause of action), the defamation claim (2nd cause of action), the assault and battery claims (3rd and 4th causes of action), and the intentional infliction of emotional distress claim (5th cause of action) against NCIRE, BI, and Abbott are all premised on the theory that these private companies are liable for the actions of non-defendants Lampiris, Volberding, Jensen, Nicholl, Cullen, and Marmar.

However, this court has previously held that those doctors were acting solely in their capacity as VA employees when they took the actions at issue in this case, based on Dimmick's allegations in the FAC. PJH Order Remanding Case (filed July 9, 2004) at 5-6.[2] Here, where Dimmick has provided no explanation in either the TAC or the papers for the change in his legal theory, Dimmick is estopped by his previous judicial admissions. Sicor Limited v. Cetus Corporation, 51 F.3d 848, 859-60 (9th Cir. 1995) (plausible explanation must

---

[2] The July 9 order was filed in Dimmick v. Volberding, case no C 04-1430 PJH, and remanded the 04-1430 PJH case to state court. After plaintiffs filed a second amended complaint in state court, the United States removed the case to federal court again, at which point it was assigned the instant case number, C 04-4965 PJH.

be given to reconcile apparently-contradictory pleadings before assertions made in previous pleadings can be disregarded).

As discussed at the hearing, Dimmick will be granted leave to amend one final time on this dual agency theory concerning not only NCIRE but all the named private defendants. The Fourth Amended Complaint must provide factual allegations explaining clearly the basis for Dimmick's theory that the private companies are bound by the individual physicians' actions in light of the court's previous ruling that those doctors were acting within the scope of their employment with the VA Hospital.

### 2. NCIRE's Lack of Control over Lampiris

As for NCIRE specifically, even assuming that it could be bound by Lampiris' actions in light of the court's finding that Lampiris was acting solely in his capacity as a VA employee at the time, NCIRE had no ability to control Lampiris' actions until March 2003, when it received approval for the research protocol. See, e.g., 38 C.F.R. § 16.108-111; 38 U.S.C. § 7364 (NCIRE as a research corporation has no power to act or spend funds until research project is approved). Since the actions at issue occurred in November 2002, NCIRE had no power over Lampiris at that time and thus cannot be held liable for any of Lampiris' actions. Dimmick must assess whether any claims can be stated against NCIRE in light of this fact when filing his fourth amended complaint.

Thus, all claims against NCIRE based on Lampiris' actions must be dismissed. This includes the first five causes of actions discussed above, as well as the sixth cause of action (alleging violations of California Health and Safety Code § 24170) and the tenth cause of action (negligent supervision).

### 3. Remaining Claims against NCIRE

To prove a conspiracy claim against NCIRE, Dimmick must show that NCIRE is liable for an underlying tort for which it conspired with others to commit. Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal.4th 503, 511 (1994). Since Dimmick has not pled a viable underlying tort, he cannot state a claim for conspiracy.

1    Dimmick also requests in the seventh cause of action, declaratory relief based on his
2 allegations that NCIRE and the other defendants violated various statutes and regulations, but
3 points specifically only to 21 C.F.R. §§ 50 and 56 (under the Food, Drug, and Cosmetic Act)
4 and 45 C.F.R. 46.101.  These provisions do not create a private right of action.  See Fiedler v.
5 Clark, 714 F.2d 77, 79 (9th Cir. 1983) (no cause of action under the Food, Drug, and
6 Cosmetic Act); Wright v. Fred Hutchinson Cancer Research Ctr., 269 F.Supp.2d 1286, 1289
7 (W.D. Wash. 2002) (no cause of action under 21 C.F.R. and 45 C.F.R. § 46).  Therefore,
8 Dimmick cannot obtain declaratory relief on these claims.
9    Similarly, Dimmick claims in the eleventh cause of action that NCIRE has violated 38
10 U.S.C. § 7363 (research corporations for the VA Hospital).  However, it does not appear that
11 a private right of action for violations of this code exists.  The eleventh cause of action fails to
12 state a claim as well.
13    Finally, Dimmick claims that NCIRE has violated Cal. Bus. & Prof. Code § 17200,
14 prohibiting unfair business practices, in his eighth cause of action.  However, since Dimmick
15 is unable to state any other claims against NCIRE in the TAC, Dimmick cannot show that
16 NCIRE has engaged in any unfair business practices and therefore cannot state a claim under
17 § 17200.
18    All the causes of action pled against NCIRE (claims 1-11) thus fail.
19    C.    United States
20    In light of the contradictions between the TAC and the court's previous order finding that
21 the individual doctors were acting solely within the scope of their employment with the VA
22 Hospital when undertaking the actions at issue in this lawsuit, the United States' motion for
23 more definite statement is GRANTED.
24    D.    BI
25    At the hearing, BI withdrew its pending motion to dismiss.
26 //
27
28

4

E. Conclusion

The TAC is thus DISMISSED. As discussed at the hearing, Dimmick will be given one final opportunity to amend his complaint. The Fourth Amended Complaint shall be filed no later than June 8, 2005. Defendants shall respond to the complaint no later than July 6, 2005. If motions to dismiss are filed, oppositions shall be filed no later than July 20, 2005, and replies no later than July 27, 2005.

This case will not be consolidated with related case Dimmick v. United States, Case No. C 05-0971 PJH. Dimmick shall file a first amended complaint in the 05-0971 action no later than June 1, 2005. Responses to that complaint shall be filed on the same schedule as those for the Fourth Amended Complaint in this case, and the same schedule shall apply if motions to dismiss the 05-0971 complaint are filed. The court will notify the parties if oral argument is necessary on any motions filed.

This order fully adjudicates the matters listed at nos. 35, 40, 48, 51, and 72 on the clerk's docket for this case.

**IT IS SO ORDERED.**

Dated: May 23, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge