**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DIMMICK, | |
| Plaintiff, | No. C 04-4965 PJH |
| v. | **ORDER** |
| NORTHERN CALIF. INSTITUTE FOR RESEARCH AND EDUCATION, et al., | |
| Defendants. | |
| KEVIN DIMMICK | |
| Plaintiff, | No. C 05-0971 PJH |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Before this court are the motion to dismiss filed by defendant Regents of the University of California ("Regents") and the motion to dismiss filed by defendant Northern California Institute for Research and Education ("NCIRE") in Dimmick v. NCIRE, C 04-4965 PJH, and the motion to dismiss and to strike filed by the United States ("U.S.") in related case Dimmick v. US, C 05-0971 PJH. Dimmick has also filed a motion for leave to file a motion for reconsideration. Having read the papers and carefully considered the relevant legal authority, the court rules as follows.[1]

---

[1] Pursuant to Civ. L. R. 7-13, this order shall not be cited except as provided by Civ. L. R. 3-4(e).

## BACKGROUND

Dimmick is a disabled veteran with AIDS who sought to enroll in an investigational drug study at the VA Hospital. He claims that the VA Hospital and other organizations affiliated with the VA Hospital, including the Regents and NCIRE, conspired to deny him medical care and forced him to take medications which had previously caused negative side effects. Dimmick also claims that Dr. Lampiris of the VA Hospital failed to obtain a proper informed consent from him, and that Dr. Marmar of the VA Hospital defamed him to third parties by referring to him as mentally ill. Lampiris and Marmar are both members of NCIRE's board of directors.

Dimmick has now sued the Regents and private companies NCIRE, Boehringer-Ingleheim ("BI"), and Abbott Laboratories ("Abbott") in the C 04-4965 PJH action, and the United States in the C 05-971 PJH action. These two cases have had a complex procedural history. Dimmick originally filed one consolidated case in San Francisco Superior Court against all these parties and various federal employees of the VA Hospital. The U.S. (On behalf of the federal employees) removed the case entitled Dimmick v. Volberding, C 04-1480 PJH, to federal court. This court then dismissed the federal defendants in case number C 04-1480 PJH, because Dimmick had not exhausted his administrative remedies against them, and remanded the remaining claims against the non-federal defendants to state court.

Dimmick then filed a second amended complaint in state court, which did not explicitly name any federal employees but which contained claims against private parties for the actions of VA employees. The U.S. then removed the case a second time, at which point it became Dimmick v. NCIRE, C 04-4965 PJH. Dimmick moved to remand the case, but at the hearing on the motion, he withdrew his motion to remand and agreed to proceed on those claims in federal court.

Dimmick then filed a third amended complaint ("3AC") in this case and, after exhausting administrative remedies as required by the Federal Tort Claims Act ("FTCA"), filed a third lawsuit, this time against the U.S., Dimmick v. U.S., C 05-971 PJH. The two cases

2

have been related but not yet consolidated on this court's docket.

All parties moved to dismiss the 3AC complaint in Dimmick v. NCIRE, C 04-4965 PJH. At the hearing on the motion to dismiss the 3AC, the court granted the motion to dismiss but also granted leave to amend one last time. Additionally, at Dimmick's request, the court granted Dimmick leave to amend the complaint in Dimmick v. US, C 05-0971 PJH. Order Dismissing TAC ("May 23 Order").

Dimmick has now filed a fourth amended complaint ("4AC") in case number 04-4965 PJH and a first amended complaint ("1AC") in case number 05-971 PJH. The 4AC repeats the same allegations raised previously: fraud, defamation, intentional and negligent infliction of emotional distress, negligent supervision, violation of Health and Safety Code § 24170, negligence per se, breach of contract, declaratory judgment, unfair business practices, conspiracy, and negligence, against the same defendants, namely: NCIRE, the Regents, BI, and Abbott. After the filing of the 4AC, BI and Abbott settled their claims with Dimmick and were dropped from Dimmick v. NCIRE, C 04-4965 PJH.

The 1AC alleges negligence against the United States only, under the FTCA and Bivens.

The Regents and NCIRE move to dismiss the 4AC in case number C 04-4965 PJH, and the United States moves to dismiss and to strike the 1AC, or in the alternative for a more definite statement in case number C 05-0971 PJH.

**DISCUSSION**

A.  Legal Standards

    1.  Motion to Dismiss

A court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. See, e.g., Broam v. Brogan, 320 F.3d 1023, 1033 (9th Cir. 2003) (citations omitted).

In evaluating a motion to dismiss, all allegations of material fact are taken as true and

3

construed in the light most favorable to the nonmoving party.  See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted). Therefore, discovery is not required in response to a motion to dismiss.

### 2. Motion to Strike

A motion to strike is brought under Fed. R. Civ. P. 12(f), and may be used to remove insufficient defenses as well as "redundant, immaterial, impertinent, or scandalous matter" that might otherwise prejudice a party.  See also, e.g., Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

### 3. Motion for More Definite Statement

Under Fed. R. Civ. P. 12(e), a party may move for a more definite statement if the pleading to which the party must respond "is so vague or ambiguous that [the] party cannot reasonably be required to frame a responsive pleading."  Motions for more definite statements are disfavored in light of the liberal pleading standards of Rule 8, and should not be granted unless the moving party "literally cannot frame a responsive pleading."  Bureerong v. Uvawas, 922 F.Supp. 1450, 1461 (C.D. Cal. 1996).

## B.   Dimmick v. NCIRE, C 04-4965 PJH

### 1. Regents' Motion to Dismiss

Dimmick's only claims against the Regents are for breach of contract (the seventh cause of action) and for declaratory relief (eighth cause of action).  Dimmick claims that he is a third-party beneficiary of the Regents' contract with NCIRE, in which the Regents agreed to act as the Institutional Review Board for the research at the VA Hospital.

The court previously held that in order for Dimmick to be considered a third-party beneficiary of any UC-NCIRE contract, Dimmick was required to plead facts sufficient to show that "the contract at issue not only intended to confer a benefit on him, but also that it reflects the clear intent to grant him, or a class of people into which he belongs, particular enforceable rights."  May 23 Order at 2, citing Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206, 1211 (9th Cir. 1999) ("vague, hortatory pronouncements in the Contract, by

themselves, are insufficient to support the [third party water users'] claims that [the contracting parties] intended to assume a direct contractual obligation to every domestic, municipal, or irrigation water user").

Dimmick is correct that the 4AC, as currently pled, alleges that a contract between NCIRE and the Regents names him as a creditor beneficiary. For the purposes of the motion to dismiss, the court is required to accept Dimmick's allegations as true. Because the contract provided by the Regents is not attached to the complaint and because Dimmick claims that it is not the contract to which his complaint refers, the court cannot rely on that exhibit without converting this motion into one for summary judgment, which the court is disinclined to do at this early stage of the proceedings. The motion to dismiss must therefore be DENIED; the Regents may raise this argument in their motion for summary judgment.

The Regents argue that Dimmick has essentially conceded that he has no personal knowledge of any contract that specifically names him, or a class of people to which he belongs, as a third party creditor beneficiary and may thus be subject to Rule 11 sanctions. The court is not permitted to evaluate that issue in the context of a motion to dismiss. If the Regents believe that Dimmick's pleadings violate Rule 11, they may file a motion for sanctions at the close of these proceedings.

2.  NCIRE's Motion to Dismiss
    a.  Fraud

NCIRE first moves to dismiss plaintiff's first cause of action for fraud. However, Dimmick denies in his motion papers that he states a fraud claim against NCIRE. Although the first cause of action does not name NCIRE as a defendant in its caption, it does state that, "In making the misrepresentations to plaintiff and in suppressing material facts from plaintiff, defendants NCIRE, BI, AL and Does 36-50, inclusive, committed fraud as defined in ..." 4AC ¶ 20. Notwithstanding this language, the court accepts Dimmick's assertion that he does not intend to allege fraud by NCIRE and STRIKES the language in 4AC ¶ 20 that alleges that NCIRE committed fraud.

5

b.  Agency Theories

The second, third, and fourth causes of action allege that NCIRE is liable for the actions of Dr. Marmar.  Marmar is alleged to have defamed Dimmick by telling third parties that Dimmick was mentally ill.  4AC ¶¶ 22, 23.  The only allegations in the 4AC connecting Marmar and NCIRE are that Marmar was a member of NCIRE'S board of director and that Marmar was not Dimmick's treating physician.  4AC ¶ 7, 22.  Based on Marmar's alleged actions, Dimmick sues NCIRE for defamation (second cause of action), intentional/negligent infliction of emotional distress (third cause of action), and negligent supervision (fourth cause of action)

In reviewing the 4AC, it is clear that the pleading does not contain any factual allegations sufficient to show that Marmar was acting on behalf of NCIRE when he allegedly defamed Dimmick.  While Dimmick alleges that Marmar was acting on behalf of NCIRE, the court is not required to credit conclusory allegations of law and unwarranted inferences as true for the purposes of a 12(b)(6) motion.  See, e.g., Fields v. Legacy Health Sys., 413 F.3d 943, 950 n. 5 (9th Cir. 2005) (citations omitted).  This is particularly true when the U.S. has already certified, and the court has already found, that Marmar and the other physicians initially named as defendants, were *not* acting on behalf of NCIRE, but were all acting solely within the course and scope of their employment at the VA Hospital.[2]  See Order Dismissing TAC at 2-3.

Dimmick argues that because he has alleged that Marmar was not his treating physician, the court must therefore *assume* that Marmar was acting on behalf of NCIRE, and not on behalf of the VA Hospital.  This does not logically follow.  Even if Marmar was not Dimmick's treating physician, he could still have been acting on behalf of the VA Hospital in an administrative capacity when he made the alleged statements at issue.  Thus, even when construing the complaint in favor of Dimmick as required under Rule 12(b)(6), the factual allegations do not support a finding that Marmar was acting as an agent of NCIRE.

All causes of action premised on Marmar's acting as an agent of NCIRE (the second,

---

[2]  The court discusses Dimmick's motion for leave to file a motion for reconsideration on this issue in a separate section below.

1  third, and fourth) are thus DISMISSED.

2            c.      Subject of Research

3      Dimmick alleges that NCIRE has violated the Human Subjects Act at Cal. Health and Safety Code § 24170, which requires that NCIRE obtain his informed consent (fifth cause of action). Dimmick alleges that because NCIRE owed him a duty to do so, its failure to obtain such consent constitutes negligence per se (sixth cause of action). Dimmick also requests declaratory relief concerning various federal regulations concerning his status as a human research subject (eighth cause of action).

    Dimmick appears to allege that he became a subject of human research when Dr. Lampiris prescribed him the drug ritonavir. See 4AC ¶¶ 11-13. However, Dimmick previously stated in the Third Amended Complaint that ritonavir was a "pre-study drug." TAC ¶¶ 13, 14; see also [original] Complaint ¶ 12 (stating that he was required to take ritonavir in order to qualify for the actual study.) In addition, as a matter of law, Dimmick would not have become a subject in a human research study until he was the recipient of the actual drug being investigated in the study. 21 C.F.R. § 312.3(b), 56.102(e). Dimmick has previously stated that the drug being investigated in the study was not ritonavir but rather, the drug tipronavir. See, e.g., TAC ¶ 26 (referring to tipronavir as TPV); [original] Complaint ¶ 4B.

    As the court has previously stated, the doctrine of judicial estoppel bars Dimmick from taking contrary positions in pleadings filed before the court, absent a plausible explanation for the changes made. See Order Dismissing TAC at 2-3, citing Sicor Limited v. Cetus Corporation, 51 F.3d 848, 859-60 (9th Cir. 1995). Since Dimmick has not explained why he now takes the position that ritonavir was the drug being studied rather than tipronavir, by definition he cannot be found to have been in a human research study and thus, there is no basis for a claim for violation of the Human Subjects Act or a claim for negligence per se. Similarly, there is also no basis for a claim for declaratory relief concerning his rights as a human research study subject, since he never attained that status as a matter of law.

    The fifth, sixth, eighth, and eleventh causes of action are thus DISMISSED.

7

### d. Conflict of Interest

Next, Dimmick alleges in the ninth cause of action that NCIRE has violated Cal. Bus. & Prof. Code § 17200 due to the existence of conflicts of interest on the NCIRE board of directors. Dimmick also alleges in the eleventh cause of action that NCIRE's failure to prevent conflicts of interest from occurring constitute negligence on NCIRE's part.

#### i. § 17200

In order to state a claim under § 17200, Dimmick must plead facts showing that NCIRE has violated a separate law or regulation. The predicate law at issue can be any type of law, and need not be separately actionable. See, e.g., Gregory v. Albertson's, Inc., 104 Cal. App. 4th 845, 850-51 (2002) (citations omitted).[3]

Dimmick claims that NCIRE has violated 38 U.S.C. § 7363(c) by permitting persons "with financial interest" to sit on the board and to approve pending projects, and also by generally "ignoring the knowledge imputed to it by its Board members" that research is being conducted in advance of approval. See 4AC ¶ ¶ 53, 70.

Under 38 U.S.C. § 7363(c), "an individual appointed under subsection a(2) to the board of directors . . . may not be affiliated with, employed by, or have any other financial relationship with any entity that is a source of funding for research or education. . ." Dimmick argues that various members of the VA staff served on NCIRE's board and were in financial relationships with private drug companies such as (former) defendants BI and Abbott Laboratories. However, the members of the VA staff are not covered by § 7363(c). Section 7363(c) applies only to board members appointed under 38 U.S.C. § 7363(a)(2), who are "members who are not officers or employees of the federal government." Here, the NCIRE board members who worked at the VA Hospital are all employees of the federal government, and therefore are exempt from the requirements of § 7363(c). In fact, § 7363(a) specifically

---

[3] The court declines to reach any issues of retroactivity that are potentially raised under Proposition 64 while that issue is pending before the California Supreme Court. Cf. Abels v. JBC Legal Group, P.C., 227 F.R.D. 541, 548-49 (N.D. Cal. 2005) (describing Proposition 64 and the status of its legal interpretation).

8

1  states that administrative staff from the VA Hospital are to be given seats on a non-profit
2  research corporation's board ex officio.  Thus, because NCIRE has not violated 38 U.S.C. §
3  7363(c), this cannot form the predicate basis for a § 17200 claim.
4       Dimmick also alleges that NCIRE has attempted to ignore knowledge imputed to it
5  through its board members, that the VA Hospital has been conducting research in advance of
6  obtaining approval and without having proper protections in place for its human research
7  subjects.  Even assuming for the purposes of 12(b)(6) review that these allegations are true,
8  and despite the fact that Dimmick himself can no longer argue that he was a human research
9  subject, Dimmick does not indicate what law this violates.  Thus, this allegation cannot form
10 the basis of a § 17200 claim either.
11      The ninth cause of action is DISMISSED.
12           ii.     Negligence
13      In order to state a claim for negligence, Dimmick must allege that NCIRE owed him a
14 duty of care, and that defendants breached that duty.  See, e.g., 6 Witkin, Summary of
15 California Law, Torts § 838 (citations omitted).  Dimmick alleges that the conflicts of interest
16 on NCIRE's board were likely to cause him harm.  However, it is not clear from the 4AC what
17 duty was owed to Dimmick by NCIRE.  To the extent that the duty owed was based on
18 Dimmick's status as a human research subject, the court has already found that based upon
19 allegations of the 4AC and unexplained contradictions with prior versions of the complaint,
20 Dimmick cannot claim that status.
21      Dimmick specifically alleges two duties in the 4AC, set forth in ¶ 85: "NCIRE owed a
22 duty to provide the protection and monitoring due after the study is approved, because the
23 activities of the investigators was occurring in advance of FDA approval and NCIRE was fully
24 aware of that fact and fully aware of the foreseeable harm which might occur as a result to
25 potential human subjects, such as plaintiff," (emphasis added), and in ¶ 86: "NCIRE owed a
26 duty to take such precautionary measures and implement policies as would protect plaintiff."
27 The origin of this duty to protect plaintiff is not stated, and as previously stated, to the extent
28

9

that it is based on Dimmick's status as a human research subject, it fails. While the 4AC contains the conclusory allegation that Dimmick was a human research subject, the factual allegations do not support this claim. Indeed, in this very cause of action Dimmick refers to himself as a "potential" human research subject. Dimmick does not explain in either the 4AC or his opposition papers, what other duties were breached by any corporate conflicts of interest.

The eleventh cause of action for negligence is thus DISMISSED.

e.  Conspiracy

Finally, Dimmick's tenth cause of action against NCIRE is for conspiracy. Under California law, "[T]here is no separate tort for civil conspiracy and there is no civil action for conspiracy to commit a recognized tort unless the wrongful conduct itself is committed and damages result therefrom. " LeVine v. Higashi, 131 Cal. App. 4th 566, 574 (2005) (citations omitted). Here, because Dimmick has failed to state any tort claims against NCIRE, the conspiracy claim fails as well.

The tenth cause of action is DISMISSED.

f.  Conclusion re Dimmick v. NCIRE

NCIRE's motion to dismiss is GRANTED in its entirety. Furthermore, as it is apparent that any further attempts to amend by Dimmick would be futile, and because Dimmick has had multiple opportunities to attempt to state a claim, the dismissal is with prejudice. See, e.g., Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998).       The Regents' motion to dismiss is DENIED. Thus, the only claims that remain in the 04-4965 PJH action are the seventh cause of action for breach of contract and the eighth cause of action for declaratory judgment against the Regents. The Regents shall file an answer to the 4AC limited to these two claims within twenty days of the date of this order.

C.  Dimmick v. U.S., C 05-0971 PJH

Dimmick's complaint against the United States states only one cause of action, for negligence.

### 1. Motion to Strike

#### a. Unopposed Requests

The U.S. argues that the VA Hospital should not be named as a defendant and that the references to a <u>Bivens</u> claim, the defamation allegations, and the request for injunctive relief should be stricken. Dimmick does not oppose these requests, and thus, the court GRANTS the motion to strike all references to the VA Hospital as a defendant, the <u>Bivens</u> allegations, the defamation allegations, and the request for injunctive relief. The VA shall not appear in the caption of future filings.

#### b. Jury Trial

For some reason Dimmick will not concede that his right to a jury trial against the U.S. should be stricken. However, all FTCA claims against the U.S. are tried to the court and not to a jury. 28 U.S.C. § 2402. The motion to strike Dimmick's jury demand is GRANTED.

#### c. Attorneys' Fees

The U.S. is correct that the FTCA does not provide for attorneys' fees and specifically limits what an attorney can charge a client for pursuing a FTCA action in court. Attorneys' fees under the FTCA are limited to 25% of any judgment entered or 20% of any settlement received. 28 U.S.C. § 2678. This simply means that Dimmick's counsel may charge him a fee of no more than 25% or 20% of any recovery, either based on a lodestar determination or on a contingency basis. It does not mean that Dimmick can collect either 25% or 20% in addition to any recovery in order to pay his attorneys. He must pay them out of his recovery, if any, or from some other source. As attorneys' fees are not provided by statute for FTCA cases, there is no claim as such for fees and the request is properly STRICKEN from the complaint.

### 2. Motion to Dismiss and Motion for More Definite Statement

The U.S. moves to dismiss the 1AC, or in the alternative for a more definite statement, on the grounds that Dimmick has not sufficiently stated a claim for negligence under California law. <u>See, e.g.</u>, <u>Molsbergen v. Untied States</u>, 757 F.2d 1016, 1020 (9th Cir. 1985) (FTCA

1  claim applies law of the state in which the tort claim arose).  To state a claim for negligence,
2  Dimmick must plead facts showing that he was owed a duty of care by the defendants while
3  enrolled in the study, and that defendants breached that duty.  See, e.g., 6 Witkin, Summary of
4  California Law, Torts § 838 (citations omitted).

5        The 1AC is not a model of clarity and is at times internally inconsistent.  The cause of
6  action for negligence is found at ¶ 51 (A)-(C).  Dimmick alleges in section (A) that the U.S.
7  owed no fewer than a dozen duties to him under federal and state laws and regulations, and
8  under "their own standard of care documents."  However, no regulations are cited, no VA
9  standard of care documents are referenced, and the only law cited is California Health &
10  Safety Code § 24173 or 24178.  It is not clear to the court whether Dimmick is claiming that
11  each of the listed duties owed to him are derived from the cited provisions of California law, or
12  from some other unidentified source.  With regard to sections (B) and (C), no source is
13  provided at all.  The U.S. is correct that the complaint is vague and ambiguous.  Frankly, it is
14  impossible to determine whether Dimmick has stated a cause of action for negligence based
15  on the breach of a duty whose origin has not been specified.  While these three sections of ¶
16  51, clearly set forth the conduct of the U.S. at issue, it is impossible for the defendant to frame
17  a response to the pleading because it does not put them or the court on notice as to why the
18  alleged conduct amounted to negligence.

19        Because the court cannot find that Dimmick has or has not stated a claim for
20  negligence against the U.S., the motion to dismiss is DENIED.  However, the motion for a
21  more definite statement is GRANTED.  Because Dimmick's pleadings have been a moving
22  target, with the theories and wrongdoers changing in every iteration, Dimmick shall not file a
23  fifth amended complaint. Rather he shall file a document entitled simply, "More Definite
24  Statement," in which he shall provide the origin of the duties he alleges were owed to him by
25  the U.S. as set forth in ¶ 51 § (A) - (C).  Dimmick may not take this opportunity to again
26  change or enlarge upon his allegations.  The statement must simply track and explain the
27  allegations already set forth in the 1AC at ¶ 51.  Even though the 1AC is Dimmick's third
28

1  attempt at pursuing a proper action against the U.S., he is being afforded this opportunity
2  because with a statement of the origin of the duties he alleged were breached, the U.S. should
3  be able to frame a responsive pleading.  The statement shall be filed within fifteen days of the
4  date of this order.  The U.S. shall thereafter answer the 1AC as amplified by the more definite
5  statement, within twenty days of the filing of the statement.

### 3. Service of Complaint

Finally, the U.S. also claims that it has not been properly served with the amended summons and complaint in this matter.  It appears from the docket of case number C 05-0971 PJH, that plaintiff has not yet served the U.S. with the summons and complaint in this new matter.  Because the U.S. did not move to dismiss for insufficient service of process, and because the U.S. clearly received notice of the 1AC, the objection is waived.  Fed. R. Civ. P. 12(h)(1).  However, plaintiff is cautioned that he will be required to properly serve any and all future filed documents.

### 4. Conclusion re Dimmick v. U.S.

The motion of the U.S. to strike the 1AC is GRANTED IN PART and DENIED IN PART.  The motion to dismiss the 1AC is DENIED, but the motion for a more definite statement is GRANTED.  The U.S. shall answer the 1AC in accordance with this order as set forth above.

### D. Motion for Leave to File Motion for Reconsideration

Finally, Dimmick moves for leave to file a motion for reconsideration of the court's earlier acceptance of the government's certification and subsequent finding that the individual federal employees were acting within the course and scope of their VA employment when the events complained of by plaintiff took place.  Dimmick claims that the contract submitted by the Regents in support of their motion to dismiss demonstrates that they have made misrepresentations concerning NCIRE's role in the research project at issue.

Preliminarily, the court notes that this document that Dimmick relies on here, is the very same document whose authenticity Dimmick challenges in his opposition to the Regents' motion to dismiss.  In any event, Dimmick claims that the Regents' contract shows that despite

its statements to the contrary, NCIRE does in fact have management control over researchers even before a research project has begun, and therefore NCIRE had full control over the VA employees and they were thus not working under the auspices of the VA. Dimmick claims that this misrepresentation entitles him to full discovery.

Even assuming Dimmick's factual allegations concerning NCIRE to be true, Dimmick still has not made the requisite showing necessary to plead an agency relationship. Dimmick argues that the mere fact that NCIRE made certain payments necessarily demonstrates that the individual doctors were acting as agents of NCIRE. This conclusion does not follow from the facts pled, either as a matter of logic or as a matter of law.

Dimmick's motion for leave to file a motion for reconsideration is DENIED.

This order fully adjudicates the matters listed at nos. 81, 90. 94, and 113 on the clerk's docket for Dimmick v. NCIRE, C 04-4965 PJH, and the matter listed at no. 11 on the clerk's docket for Dimmick v. US, C 05-0971 PJH. A case management conference will be held in both cases on November 17, 2005, at 2:30 pm. A joint case management

//

statement shall be filed seven calendar days before the conference.

**IT IS SO ORDERED.**

Dated: September 26, 2005

```
                                    _____
                                    PHYLLIS J. HAMILTON
                                    United States District Judge
```